UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

HONG KONG CITY-DRAGON
SHIPPING CO. LTD.,

                          Plaintiff,

-v-

BENXI IRON AND STEEL (GROUP)
INTERNATIONAL ECONOMIC AND
TRADING CO., LTD.,

                         Defendant.

--------------------------------------------------------------x

09 CV 5345 (JFK)

**VERIFIED COMPLAINT**

Plaintiff, HONG KONG CITY-DRAGON SHIPPING CO. LTD. (hereinafter

"CITY DRAGON"), by its attorneys, CHALOS & CO, P.C., as and for their Verified

Complaint against Defendant, BENXI IRON AND STEEL (GROUP)

INTERNATIONAL ECONOMIC AND TRADING CO., LTD. (hereinafter "BENXI"),

alleges upon information and belief as follows:

JURISDICTION

1.      The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1333.

THE PARTIES

2.      At all times material hereto, Plaintiff, CITY DRAGON, was and still is a

foreign business entity, duly organized and existing pursuant to the laws of British Virgin

Islands.

3.      At all times material hereto, Defendant, BENXI, was and still is a foreign business entity duly organized and existing pursuant to the laws of China, with a principal place of business at No. 9 Dongming Avenue, Pingshan District, Benxi, Liaoning, China.

## FACTS AND CLAIM

4.      On or about August 27, 2008, CITY DRAGON, as disponent owners, and BENXI, as charterers, entered into a voyage charter party agreement for the shipment of iron ore from Ponta Da Madeira, Brazil to Dalian Port or Bayuquan Port China, at charterer's option.  *See charter party, attached hereto as Exhibit 1*.

5.      This voyage charter party agreement is a maritime contract.

6.      The voyage charter party agreement provided for the transportation of 160,000 metric tons of Brazilian iron ore to China.

7.      The voyage charter party agreement provided for payment of freight at USD $75.68 per metric ton.

8.      On or about September 12, 2008, Defendant BENXI postponed the performance of the charter party agreement until further notice.

9.      Thereafter, CITY DRAGON made repeated demands for Defendant BENXI to nominate a new laycan.  Defendant, however, failed to do so.

10.      Plaintiff provided Defendant BENXI with a deadline of May 8, 2009, to advise Plaintiff of a new laycan.

11.     Despite this demand, BENXI has failed, neglected, or otherwise refused to nominate a new laycan and accordingly, has breached the terms of the charter party agreement.

12.     Defendant has failed to comply with the obligation to honor the terms of the maritime contract.  Specifically, Defendant has a total amount, undisputedly due and owing to Plaintiff of USD $8,485,440.00.[1]

13.     Disputes between the parties are to be submitted to China Maritime Arbitration Commission for arbitration in Beijing, China.  Plaintiff will commence arbitration after the commencement of this action and jurisdiction is obtained over Defendant.

14.     This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of the proceedings in China.

15.     Commercial interest, costs and attorneys' fees are routinely awarded to the prevailing party under Chinese Law.

16.     As best as can now be estimated, the Plaintiff, CITY DRAGON, expects to recover the following amounts in arbitration from the Defendant:

| | | |
|---|---|---|
| A. | Principal Claim: | $ 8,485,440.00 |
| B. | Estimated Interest on Principal Claim: 3 years at 7.5%, compounded quarterly | $ 2,118,953.33 |
| C. | Estimated attorneys' fees: | $ 150,000.00 |
| D. | Estimated arbitration fees: | $ 50,000.00 |
| | **Total Claim** | **$ 10,804,393.33** |

---

[1] Contract Price ($75.68 per metric ton) minus Baltic Exchange Rate ($22.646 per metric ton) multiplied by 160,000 metric tons = USD $8,485,440.00.

17.     Therefore, CITY DRAGON's total claim for breach of the maritime contract against Defendant BENXI is in the aggregate USD $10,804,393.33.


## BASIS FOR ATTACHMENT

18.     Defendant, BENXI, cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

19.     Defendant BENXI is continuously engaged in international shipping and conduct business in U.S. Dollars.  Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City.  Dollars are the *lingua franca* of international commerce.

20.     All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City.  The Clearing House Interbank Payment System represents that it processes 95% of those transfers.

21.     BENXI's primary banking relationships include but are not limited to the following banks; Bank of China.  Bank of China is one of the garnishee banks within the CHIPS network.

22.     Plaintiff believes that some of these assets of Defendant, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including: ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank,  and Wells Fargo Bank.


WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.     That since the Defendant, BENXI, cannot be found within the District, as set forth in the Declaration of George M. Chalos (*see Exhibit 2, attached hereto*), and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in

the district which are due and owing, or other property of, or for the benefit of, the

Defendant, up to the amount of USD $10,804,393.33, to secure and satisfy the Plaintiff's

claims, and that all persons claiming any interest in the same be cited to appear and

pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the

Complaint;

      C.    That Plaintiff may have such other, further and different relief as may be

just and proper.

Dated: Oyster Bay, New York
       June 9, 2009

> CHALOS & CO, P.C.
> Attorneys for Plaintiff
> HONG KONG CITY-DRAGON SHIPPING
> CO. LTD.

By:   _____

> George M. Chalos (GC-8693)
> 123 South Street
> Oyster Bay, New York 11771
> Tel: (516) 714-4300
> Fax: (866) 702-4577
> Email: gmc@chaloslaw.com

# EXHIBIT 1

# CHARTER   PARTY

# 租　船　协　议

[Date: ███████████████]
[Charter Number: █████████]

| | |
|---|---|
| **Charterer:**<br><br>租　　家： | BENXI IRON & STEEL GROUP INTERNATIONAL ECONOMIC AND TRADING CO., LTD.<br><br>本钢集团国际经济贸易有限公司 |
| **Owner:**<br><br>船　东： | HONG KONG CITY-DRAGON SHIPPING CO., LTD.<br><br>香港市龙航运有限公司 |
| **Loading Port:**<br><br>装　　港： | Ponta Da Madeira, Brazil<br><br>巴西 PDM 港 |
| **Discharging Port:**<br><br>卸　　港： | Dalian port or Bayuquan port, P.R. China<br><br>中国大连或鲅鱼圈港 |

This Charter Party, dated 27th/Aug/2008   is concluded by and between BENXI IRON & STEEL GROUP INTERNATIONAL ECONOMIC AND TRADING CO., LTD as Charterer (hereinafter referred to as 'Charterer') and HONG KONG CITY-DRAGON SHIPPING CO., LTD. as Owner (hereinafter referred to as 'Owner').

本租船协议由本钢集团国际经济贸易有限公司与香港市龙航运有限公司于 2008 年 8 月 27 日缔结。本钢集团国际经济贸易有限公司作为租船人，（以下简称为"租家"），香港市龙航运有限公司作为船东，（以下简称为"船东"）。

### WITNESSETH THAT:

This is a Charter Party with Owner for the shipment of IRON ORE from Ponta Da Madeira, Brazil to Dalian Port or Bayuquan Port,   P.R. China at Charterer's option.

本协议是由船东依照租家的意愿将铁矿由巴西 PDM 港运到中国大连港或鲅鱼圈港。

WHEREAS, Charterer undertakes to provide and Owner undertakes to transport on the terms and conditions   that are set forth as follows.

租家负责提供货物，船东负责承运货物，依照如下条款：

1. **Definitions**
   定义

   In this Charter Party, unless otherwise defined, the terms should have following meanings:

   在本协议中，除非另有定义，否则这些术语按如下意思解释：

   1.a.  "Ore" - means iron ore in bulk including iron ore concentrates in bulk, and fine, pellets, lump in bulk. Their quality, nature and shipping conditions are within IMO regulation, but always excluding DRI/DRIP/HBI.

   1.a.  "Ore" 指散装铁矿，包括散装铁精矿、散装粉矿、球团和块矿，它们的品质、自然状态和装船条件符合 IMO 规定，但不包括 DRI/DRIP/HBI。

   1.b.  "Dollars" and "Cents" - means respectively dollars and cents in lawful money of the United States of America.

   1.b.  "Dollars" 和"Cents"分别指美国的法定货币 "美元" 和 "美分" 。

   1.c.  "Contract cargo" - means cargo of Iron Ore from PDM port, Brazil to Dalian port or Bayuquan port,   P.R. China at Charter's option.

   1.c. "Contract cargo" 指依照租家意愿由巴西 PDM 港运至中国大连港或鲅鱼圈港的铁矿货物。

2. **Vessels To Be Used**
   承运船舶
   Vessel Name   :
   Flag          :
   Built         :
   Type          :
   GRT / NRT     :
   Grain Capacity :
   LOA / Beam    :

Hold / Hatch    :
All details about

The operating vessel should be owner controlled or chartered bulkcarrier or ore carrier, or OBO or ore-oil combination carrier, seaworthy, cargoworthy, tight, staunch, and strong suitable for intended voyage and suitable for ordinary grab discharging and shall be in the highest classification for vessels of their age and type with Lloyds, ABS or equivalent. All certificates of the nominated vessel shall be valid till the relevant voyage is complete.

承运船应是由船东控制或承租的散货船、矿船或矿-油两用船，适航、适宜载货、密闭、坚固、适宜既定航程、适宜正常抓斗卸货，且其船龄及船型属于 Lloyds, ABS 或相应船籍社的最高等级。指定船舶的所有证书应直在完成相应航程期间有效。

Owner guarantees the vessel is fitted for Iron Ore trade between Brazil and China and complies with all loading and discharging ports regulations and has all valid certificates, etc. All time/costs/expenses incurred in not complying with the regulations to be for Owner's time and account. In case any survey at loading port causing by vessel's age and condition, Notice of Readiness will only be allowed to tender after such survey granted.

船东确保船舶适宜巴西到中国的铁矿贸易，符合所有装、卸港规定，拥有所有有效证书，等等。所有由于船舶不符合相关规定而产生的时间/费用/支出由船东承担。如在装港由于船龄及其他条件引起任何检测，备妥通知只能在检测合格后方可递交。

## 3. Laycan and Cancellation
受载及解约

Laycan:   27th/Sep/2008-6th/Oct/2008

Not later than **30 (thirtyday)** days prior to the first day of the laycan, Owner shall notify Charterer of the intended vessel's name and all certificates of nominated vessel, indicating ETA at the loading port and estimated cargo intake. Charterer shall confirm the nomination of the vessel within 2 business days, such confirmation shall not be unreasonably withheld. Owner has the option to substitute the vessel latest 14days prior to vessel's ETA at loadport within the agreed laycan and Charterer shall comfirm the vessel within 2 working day after vessel's nomination, which should not be unduly withheld. If Owner fails to nominate suitable vessel to transport Charterer's cargoes or can't nominate suitable vessel before **30 (thirtyday)** days prior to the first day of laycan, Charterer has the option to change the laycan at charterer's option or cancel this Charter Party and claim all compensation for the losses against Owner. Owner gurantees that the max age of the nominated vessel is not more than 20 years.

受载期：2008 年 9 月 27 日-10 月 6 日
在受载期开始前 30 天，船东应将在指定船舶的船名、相关船舶证书、预计到达装港时间及预计载货量通知租家。租家应于 2 个工作日内确认船东所报船舶，并且不能无理拒绝所报船舶。在规定的受载期内，船东最迟可在船舶预计到达装港时间的前的 14 天换船，发货人和租家仍需于 2 个工作日内确认船东所报船舶，并且不能无理拒绝所报船舶。如船东不能指派或未在受载期开始前 30 天指派适宜船舶承运货物，则租家有权单方面变更受载期或取消本租船协议，并就由此给租家带来的一切损失向船东索赔。船东保证指定船舶的船龄最大不超过 20 年。

Laydays agreed can not be changed, unless otherwise agreed by both parties in written form (including telex or fax or e-mail). The canceling date is the last layday.

双方同意的受载期不可更改，除非双方书面同意（包括电报或传真）。解约日是受载期的最后一天。

## 4. Canceling Clause
解约条款

Should the vessel be delayed on account average or otherwise; Charterer to be informed as soon as possible by Owner, and if it become obvious that the nominated vessel will fail to arrive loading port before/on the above mentioned canceling date, Owner to notify the Charterer as soon as same get to their attention. Within 24 consecutvie hours, The Charterers have the option to cancel or to maintain the intended vessel with a new laycan agreed. Failing to do so by the Charterers, the Owner have option to maintain or cancel the charter party.

如船舶因海损事故或其它原因而延误，船东应尽快通知租家；如果指定船舶明显不能在上述解约日之前或当天到达装港，船东应尽快通知租家。租家24小时内有权取消或保留既定的船舶，如租家同意保留既定的船舶，双方将重新商定双方同意的新的受载期和解约期，否则船东有权解除或保留此租船协议。

If the vessel is delayed for the last day of the laycan, Charterer has the option of canceling this charter party and claiming eventual losses, unless a new canceling date has been agreed upon. If shipper  cancels this shipment or changes the laycan or increases the prices of Charterer's cargoes because of the delay of Owner's nominating vessel, Charterer still has the right to claim compensation for all the losses against ownereven the charrer party have been canceled.

除非双方同意另定一解约日外，如船舶延误超过受载期最后一天，承租人有权解除本租船协议并向船东索赔。如由于船东指定船舶的延误造成租家遭受发货人取消货物、变更受载期或提高货价等实际损失，即使本租船协议已经取消，租家仍有权就所产生的一切损失向船东索赔。

## 5. Cargo and Quantity
货物和货量

The quantity of the shipment shall be 160,000 metric tons with 10% more or 10% less at Owner's option Iron Ore in bulk, always excluding DRI/DRIP/HBI. (maximum two grades).

散装铁矿总货量为160,000吨，可依照船东意愿增加10%或减少10%，不包括DRI/DRIP/HBI（最多2个货种）。

## 6. Deviation
绕航

Carrying vessel shall sail and arrive at the port of discharging within the normal and reasonable period of time. Any unreasonable deviation or delay is not allowed.   It is understood that the vessels are allowed to proceed at economical speed and bunker on usual route.

承运船将在正常合理的时间内到达卸货港。不允许任何不合理的偏离或延误。船舶可在正常航线上以经济的速度及油耗行驶。

Owner shall have the responsibility to advise Charterer of accidents occurred as soon as which is known to Owner while vessel being en route. If Owner fails to give such advice in time, any losses and charges incurred therefrom shall be for Owner's account. For the purpose of saving life or property the vessel has liberty to sail with or without pilots to tow and assist vessel in distress and to deviate.

在船舶行驶途中，船东有责任将其知道的任何情况尽快通知租家。如果船东不能及时给出上述通知，由此产生的任何损失及费用由船东承担。如为了挽救生命或财产，船舶有权在有或没有领航员在船的情况下为了拖带或救助遇险船只而绕航。

## 7. Notices
通知

7.a.　On sailing from the proceeding port, Master/Owner shall inform the Shippers/Shippers' Port Administration at Port of Loading / Charterer, by telex or fax, the vessel's expected time of arrival (ETA) at loading port. Such information shall be followed by fifteen(15) days, ten(10) days, seven(7) days, five(5) days, seventy-two(72) hours, forty-eight (48) hours and twenty-four (24) hours notices before the vessel's expected arrival at loading port, or at any time upon Charterer's request.

7.a.　在驶离上一港时，船长/船东应通过电报或传真将船舶的预计到港时间通知给发货人、发货人在装港的经管人及租家。上述有关船舶预计到装港时间的通知应分别在船舶预计到达装港前 15 天、10 天、7 天、5 天、72 小时、48 小时和 24 小时或应租家要求在任何时间给出。

7.b.　Master or Owner shall with the 72 hours　notice inform Shippers about vessel's cargo plan with following details:
- Arrival and departure drafts
- Air draft
- Ballast quantity on arrival and, if in cargo holds, how distributed
- Time required for deballasting after berthing
- Loading sequence

Master or Owner shall also state in 72 hours notice, whether a "Gas Free Certificate" is required or not.

Unless otherwise instructed by Shippers, Master or Owner shall undertake that vessel be presented for berthing with minimum ballast compatible with vessel's seaworthiness.

7.b.　船长或船东应在给发货人的 72 小时通知中通知如下船舶载货计划：
——到港及离港水尺
——净空高度
——到达时压舱水量，如果在货舱内放置是如何安排的
——靠泊后排压舱水所需时间
——装货顺序

在给发货人 72 小时通知内船长或船东也应向发货人说明，是否需要其提供"气体测爆证书"。

除非得到发货人指示，否则船长或船东应保证船舶以该船适航的最小压舱水准备靠泊。

7.c.   Owner should, on departure of the vessel from the loading port, by cable or fax or email inform Charterer of the shipping advice (indicating departure date, ETA China, loaded quantity of each type of ore, estimated arrival draft and hatchwise plan).

7.c.   船东应在船舶由装港起航时电传、传真或电邮通知租家装船通知（包括起航日期、预计到达中国时间、每种矿的装量、预计到达水尺和分舱计划）。

7.d.   Master of the vessel or Owner shall give Charterer/Charterer's agent at the discharging port the following 7 notices of vessel's ETA at the discharging port.   The first notice to be given on departure of the vessel from loading port, then ▮▮▮▮▮▮ ten(10) days, seven(7) days, five(5)days, seventy-two( 72) hours, forty-eight(48) hours and twenty-four(24) hours prior to ETA at the discharging port.

The first notice shall indicate the name of the vessel, the type and quantity of cargo and the number of compartments.

7.d. 船长或船东应给租家在卸港的代理如下 7 个船舶预计到达卸货港的通知：第一个通知在船舶由装港起航时，以后依次为预计到达装港前 10 天通知、7 天通知、5 天通知、72 小时通知、48 小时通知及 24 小时通知。

第一个通知应注明船名、货物种类及数量、舱号。

## 8.  Loading Port And Discharging Port
装港和卸港

8.A.  Charterer shall load the cargo and trimmed at one or two safe berth, one safe port at Ponta Da Madeira, Brazil, always safely afloat, free of risks, expenses to Owner. The Charterer has to declare the exact discharging port latest 10days priot to eta dport

8. A.  租家应负责在巴西 PDM 港中一或两个安全泊位将铁矿石全部装载并负责船舶的平舱，保证船泊始终处于安全漂浮状态、船东不承担任何风险及费用。租家最迟于船舶抵达卸港前 10 天宣卸港。

8.B.  Upon completion of loading, the vessel shall proceed to one or two safe berth, one safe port, Dalian or Bayuquan port, P.R. China subject to port conditions and tide to be available on vessel's arrival discharging port, always be accessible and safely afloat, free of risks, expenses to Owner.

8. B.  在完成装港时，船舶应依照租家意愿开往中国大连或鲅鱼圈港的一个安全港口、一个或两个安全泊位，相应的港口条件及潮水应适宜船舶抵达卸港，应是适宜船舶靠泊、可使船舶安全漂浮的。船东不承担卸货的风险及费用。

## 9.  Demurrage and Despatch Clause
滞期及速遣条款

Demurrage and despatch shall be calculated on the basis of the statement of facts made by Agents at loading port entrusted by Owner and discharging port entrusted by Charters and mutually confirmed by Master and Loading and Discharging Port Authority.

滞期及速遣时间应以船东在装港、租家在卸港委托的代理出具的，并且由船长及装、卸港港务局共同确认的装、卸货事实记录为基础进行计算。

9A.   Loading Terms   At Loading Port

Scale loading terms  （including scale loading rate, scale demurrage and other terms） as per the attached Charterer's relevant Sales Contract Clauses.

Laytime at loading port is non-reversible.

9.A.  装港条款

装港条款根据租家相关铁矿粉买卖协议规定的标准条款（包括标准的装率，标准的滞期费及其他条款）来执行。

在装港的装货时间是不可逆的。

9.B.  Discharging Terms At Discharging Port

9.B.  卸港条款

1sp,1/2sb Dalian port or Bayuquan port, P. R. China at charter's option.

租家指定的中国大连港或鲅鱼圈港的一个安全港，一个或两个安全泊位。

9.B.a.    Discharging rate: 30,000mts pwwd of 24 consecutive hours shinc with 24hrs tt usc to apply at discharging port.

9.B.a. 卸率：30,000 公吨每 24 小时晴天工作日，包括星期日和节假日，卸港卸货准备时间为 24 小时，除非实际开始卸货在先。

9.B.b If the vessel can not berth when the vessel arrived the discharging port or the vessel's normal discharging operation is interrupted and has to stop discharging because of the effect outside controlled by Charterer such as heavy fog, typhoon, the bad weather etc., the time lost shall not be count as laytime or time on demurrage.

9.B.b. 船舶抵达卸港时，如因大雾、台风、恶劣天气等非租家所能控制的原因导致船舶无法靠泊或导致船舶不能正常卸货，对由此造成的时间损失不应记作卸货时间或滞期时间。

9.B.c. Discharging shall complete upon the last grab of cargo leaving hatches.

9.B.c.抓斗最后一次离开船舱之际卸货完毕。

9.B.d. Demurrage rate/Despatch rate : USD 80,000/DHD pdpr at discharging port, laytime saved at loading port and discharging port non-reversable and to be computed separately.

9.B.d. 滞期/速遣费率：卸港滞期费为 USD 80,000/天，速遣费为滞期费的一半，不足一天按照比例收取； 装卸港装卸货时间不可抵消，单独计算。

9.B.e. The Master has responsibility to persuade the Dalian or Bayuquan Port Authority to clean the remains of cargoes dropped on deck during discharging.

9.B.e.    船长有责任说服大连或鲅鱼圈港务局打扫在卸货期间散落在甲板上的货物。

9.B.f At the discharging port, Notice of readiness shall be tendered any time and day Sunday holiday included weather in port or not, weather at berth or not, weather customs cleared or not, weather in free pratique or not, provided the vessel is ready for discharging. Laytime shall commence 24 hours after tendering the Notice of Readiness, Sunday and Holiday included unless sooner commenced.

9.B.f.　　在卸港，如果船舶已卸货准备就绪，则准备就绪通知书不论是否周日或节假日，不论是否已在港，不论是否已在泊位，不论是否已通关，不论是否已通过检疫，可在任何时间递交。装卸时间在准备就绪通知书递交的 24 小时后起算，除非实际开始卸货在先

9.B.g　　Once the vessel is on demurrage, always on demurrage（but always excluding the demurrage caused by the reasons stipulated in Clause 24 of this Charter Party）

9.B.g. 船舶一旦滞期，永远滞期(但不包括由本租船协议条款24规定的原因导致的滞期)。


## 10.　Freight Rates
　　运费

The Freight Rate for one port loading and one port discharging:
US$　75.68 net per metric ton basis 1/1 for discharge Dalian or Bayuquan at Charterer's option.
The above freight rate shall be on the basis F.I.O.T. per wet metric ton.

一个装港、一个卸港的运费为：
每公吨 USD 75.68，由租家决定以大连或鲅鱼圈港为卸港。
上述运费以每湿公吨，租家承担装货、卸货和平舱费为基础。


## 11. Payment of Freight
　　运费支付

11.A.　Freight is to be paid in U.S. Dollars to the bank account designated by Owner.
11.A.　　运费以美元方式支付到船东指定银行帐户。

11.B.　The freight is to be paid 100% against the Bill of Lading quantity within fifteen (15) banking days after the Charterer received the original marine freight invoice, when completion of loading and signing/releasing Bill of Lading marked with　"*Freight payable as per Charter Party*". All freight shall be deemed earned as cargo is loaded on board, and freight is discountless, non-returnable whether the vessel or the cargo is lost or not.
11.B. 在完成装货，签署并释放标有"运费按租船协议支付"的提单，并在租家收到海运费发票正本后，租家应在 15 个银行工作日内以提单重量为准，支付 100%运费。所有运费在货物装船之际视为已经赚取，无论船舶或货物是否损失，都不可折让或返还。

11.C.　Demurrage/despatch at loading and discharging ports, if any, to be settled within 60 days after completion of discharging and relevant documents submitted.
11.C.　　如果发生装、卸港滞期/速遣费，在完成卸货并提交相关单据后 60 天内支付。

11.D.   Upon mutually agreed, the freight paid by Charterer to Owner under this Charter Party may be remitted to the bank account of a third party (e.g. a shipping agent's bank account) appointed by Owner. When needing to remit the freight to the third party appointed by Owner, Owner must provide Charterer a valid Notice of Payment ordering Charterer to remit the freight under this charter party to the third party appointed by Owner. The Notice of Payment should indicate the third party's name, address, bank account, freight amount, contract number of this charter party and other necessary details. The valid Notice of Payment should show Owner's valid company seal and valid signature of Owner's corporate representative. The valid Notice of Payment should also state that remitting the freight to the thirty party appointed by Owner should be the same as remitting the freight to the Owner. The duty on the freight between Owner and Charterer will be terminated and regarded to be completely fulfilled by Charterer after the paying bank of Charterer remits the freight to Owner or the third party appointed by Owner.

11.D.   双方同意，本租船合同项下由租家付给船东的海运费可以支付到由船东指定的第三方银行账户（比如：船舶代理公司的银行账户）。当需要将海运费支付到第三方账户时，船东必须提供给租家一份要求租家将本租船协议项下的海运费付给由其指定的第三方的有效付款通知书。付款通知书应说明第三方的名称，地址，银行账户，海运费数额，本租船合同的合同号及其他必需的信息。有效的付款通知书应有船东的有效的公司印章和船东有效的法人代表的签字。有效付款通知书也应声明，付款给船东指定的第三方将等同于付款给船东本人。船东和租家之间的运费义务在租家的付款行将海运费付给船东或船东指定的第三方后将终止并认为租家已完全履行了海运费支付义务。

## 12. At Discharging Ports
### 卸港

12.A.   The cargo on vessel shall be in grabs' reach. Vessel shall be guaranteed suitable for grab discharge. If the cargo is not accessible by means of grabs (including in hatches), the extra expenses over and above the cost of normal grab discharge at discharging ports shall be for Owner's account.

12.A.   船上货物应装载在抓斗可到达处。船舶应确保适宜抓斗卸货。如货物被装载在不适宜抓斗卸货（包括舱口），在卸港高出正常抓斗卸货费用的额外费用由船东承担。

12.B.   Overtime of the crews and officers on board shall be for Owner's account. The vessel shall, if required, supply light for night work as on board free of expenses to Charterer.

12.B.   船上船员及高级船员的加班费应由船东支付。如有需求，船舶为夜间工作提供的照明应对租家免费。

## 13. Taxes and Dues
### 税费条款

Any taxes/dues/wharfages on cargo at loading and discharging ports shall be for Charterer's account.   Any taxes/dues/wharfages on vessel/freight/Bill of Lading at loading port and discharging port   shall be for Owner's account.

在装港及卸港与货物有关的任何税/费/码头费应由租家承担。在装港及卸港与船舶、运费、提单有关的任何税/费/码头费应由船东承担。

**14. Stevedoring Damage at Loading and   Discharging Ports**
　　装卸港装卸损坏条款

Stevedoring damage, if any at loading port shall be settled between Port Authorities and Owner, but Charterer will lend all possible assistance to Owner.
如在装港发生装货损坏，应由港口权威机构与船东协商解决，但租家应尽可能协助船东。

Stevedoring damage, if any at discharging port, shall be settled between Owner and port Authorities, but Charterer will lend all possible assistance to Owner in collecting any stevedore damage claims.
如在卸港发生卸货损坏，应由港口权威机构与船东协商解决，但租家应尽可能协助船东收集卸货损坏的索赔证据。

**15. Bill of Lading**
　　提单

The Bill of Lading shall be prepared in accordance with procedures established in the Purchase Contract. The Bill of Lading shall be signed by Master or Agents of Owner with 24 hours after completion of loading and awarded to Shippers, freight and all conditions as per this Charter Party. If any of clauses in Bill of Lading is inconsistent with that in this Charter Party, the latter to be taken as governing documents.
应根据租家购买合同确定的程序及内容备准提单。提单应在完成装货 24 小时内由船长、船东或船舶代理签字后交于发货人。运费及所有条件依照本租船协议。如提单条款与本协议条款不一致，以本协议条款为准。

**16. Assignment**
　　转让

Neither Owner nor Charterer may assign the contract in whole or in part without prior written consent of the other party.   Owner and Charterer shall always remain responsible for the due fulfillment of this Charter Party.

船东及租家在未得到另一方的书面同意前均不得将本协议全部或部分转让。船东和租家双方应对该租船合约的完全履行负有责任。

**17. Agent(s)**
　　代理

Owner's agent at loading port and Charterer's agent at discharging port, owner paying usual agency fee at loading and discharging port.
在装港的代理由船东指定，在卸港的代理由租家指定，装、卸港船代费用由船东承担。

Once the agents have been confirmed, Owner/Charterer shall inform Charterer/Owner of their agents at loading and discharging ports in time. Owner/Charterer shall send to Charterer/Owner by express-mail or fax the statement of facts at loading and discharging ports within three (3) business days after the completion of discharging.

一旦已指定代理，船东及租家应及时互相通知其在装、卸港的代理。完成卸港 3 个工作日后，租家及船东应以速递或传真形式互相通知对方装、卸港事实记录。

**18. General Average**
　　共同海损

In case of General Average, the same shall be adjusted according to    "York-Antwerp Rules 1974 amended 1990".    Should the vessel be put into any port or ports due to leakage or damage incurred en route or in any port, the Master and Owner shall inform Charterer without any delay.

一旦共同海损，将依据 1974 年制订、1990 修改的 YORK-ANTWERP 规则协调。如船舶在航线或任何港口由于渗漏或损害进入任何港或港口，船长和船东应立即通知租家。

### 19.    War Cancellation Clause

战争撤约条款

In the event of war or warlike operation involving either Japan, the United States of America, Great Britain, Russia, P.R. China, Brazil, Norway or the nation under the flag of which any vessel performing under this Charter Party is registered, and this, seriously affects Charterer's or Owner's ability to perform or cost of performing their obligations under this Contract, Charterer or Owner may advise the other party, that they wish to cancel this particular voyage.

一旦包括日本、美国、英国、俄罗斯、中国、巴西、挪威或本租船协议任何执行船已注册的船旗所在国家发生战争或军事行动，严重影响租家或船东的执行能力或影响本协议项下执行其责任的费用，租家或船东可通知另一方他们将取消既定航程。

The parties shall then meet within thirty (30) days, to decide whether this Contract or any part of it shall be amended, suspended or otherwise dealt with.    If no agreement is reached, the Contract shall be suspended for ninety (90) days and failing agreement by end of this ninety (90) days extension, the voyage in question shall be cancelled.    If major war breaks out between any two or more of the above-mentioned countries directly affecting the performing of this Contract, both Owner and Charterer shall have the right to cancel this Contract.

双方可在 30 天内会面，以决定租船合约或其中任一部分是否被修改、暂停或提出其他解决办法。如无法达成一致，本协议将被暂停 90 天。在 90 天内仍无法取得一致，则存在争议的航程将被取消。如主要战争在任何上述两个或多个国家之间爆发，直接影响本协议的执行，则船东与租家均有权取消本协议。

### 20. Both to Blame Collision Clause

Clause 23 of ASBATIME 1981 shall apply to this Charter Party.

1981 年 ASBATIME 条款 23 适用于本租船协议。

### 21. New Jason Clause

Clause 23 of ASBATIME 1981 shall apply to this Charter Party.

1981 年 ASBATIME 条款 23 适用于本租船协议。

### 22. Clause Paramount
首要条款

All Bills of lading under the Charter Party shall include the following Clause Paramount: Hague-Visby Rules 1968 or similar legislation of the nation of destination shall be applicable.
所有本租船协议项下的提单应包括下述首要条款：
适用 1968 年海牙—维斯比条例或目的地国类似立法。

### 23. War Risk
战争风险

Clause 16 of Gencon (Revision 1976) shall apply to this Charter Party.
1976 年修订的金康协议 16 条款适用本租船协议。

### 24.   Strike and Force Majeure Clause
罢工和不可抗力条款

24.a.   At loading port:
The time lost as a result of all or any of the following causes under shall not be count as laytime and demurrage VIZ: wars, rebellions, tumults, civil commotions, strikes, insurrections, political disturbances, epidemics and quarantine, riots, lock-out, stoppage miners, workmen, railway employees, stevedores, seamen or any other workers essential to the working, carriage, delivery, shipment, interruptions of railway transport, whether partial or general, landslips, floods, intervention of sanitary, customs and/or other constituted authorities or other causes beyond Charterer's control preventing cargo preparation, loading or berthing vessel. Once a nominated vessel has been confirmed by Charterer, any loss of vessel's schedule incurred by strikes of the miners or company employees is is to be considered as Force Majeure.

24.a.在装港

因下述全部或部分原因引起的时间损失不应计入装卸货时间及滞期时间：战争、叛乱、骚乱、城市暴乱、罢工、起义、政治骚乱、瘟疫、检疫、疾病蔓延、封锁、矿工、工人、铁路雇员、搬运工、海员或其他任何工作、运输、卸货、装船工人的罢工，铁路运输中断、无论部分或全部，山崩、洪水、公共、海关和/或法定权威机构的干涉、或其他租家无法控制的妨碍备货、装船或靠泊的原因。一旦租家已经确认指定船舶，由矿工或公司雇员罢工引起的船舶进度的损失被视为不可抗力。

24.b.   At discharging ports:
Time lost as a result of all or any of the following cause shall not be count as laytime and demurrage, VIZ: wars, rebellions, tumults, civil commotions, strikes, insurrections, political disturbances, epidemics, quarantine, riots, lock-out, stoppage of workmen, railway employees, stevedores, seamen or any other workers essential to the working, carriage, delivery, shipment, interruptions of railway transport, whether partial or general, landslips, flood, intervention of sanitary, customs and/or other constituted authorities or other causes beyond Charterer's control preventing  cargo preparation, discharging or berthing vessel.

24.b   在卸港

因下述全部或部分原因引起的时间损失不应计入装卸货时间及滞期时间：战争、叛乱、骚乱、城市暴乱、罢工、起义、政治骚乱、瘟疫、检疫、疾病蔓延、封锁、矿工、工人、铁路雇员、搬运工、海员或其他任何工作、运输、卸货、装船工人的罢工，铁路运输中断、无论部分或全部，山崩、洪水、公共、海关和/或法定权威机构的干涉、或其他租家无法控制的妨碍备货、卸船或靠泊的原因。

If there is a strike or lockout or boycott or Force Majeure condition, affecting the vessel's arrival time, the discharging after the vessel's arrival at or off the port of discharge, vessel's berthing, departure and same has not been settled within 48 hours, Charterer shall have the option of keeping the vessel waiting until such strike or lockout or boycott or Force Majeure condition is at an end against paying demurrage plus bunkers consumed after expiration of the time allowed for discharge, or ordering the

vessel to a safe port where she can safety discharge without risk of being detained by strike or lockout or boycott or Force Majeure.

如存在罢工、封锁、联合抵制或不可抗力条件影响船舶到达时间、船舶到达后的卸货或始离卸港、船舶靠泊、起航，并在 48 小时内无法解决，在允许的卸货时间期满后租家应有权让船舶等到上述罢工、封锁、联合抵制或不可抗条件结束，并需支付滞期费加燃料消耗费，或者指令该船开往一个没有受到罢工、封锁、联合抵制或不可抗条件影响的，船舶可以安全卸货的安全港口。

Such orders shall be given within 48 hours after the master or Owner have given notice to Charterer of strike or lockout, boycott of Force Majeure condition affecting the discharge. On delivery of the cargo at such port, all conditions of this Contact shall apply and the vessel shall receive the same freight as if she had discharged the cargo at the original port. If the distance of the substituted port exceeds 100 nautical miles, the freight rate on the cargo delivered at the substituted port to be increased in proportion. In any event any expenses and risk causes by strike or lockout or boycott of master, officers or crew on board the performing vessel always to be for Owner's account

上述指令应在租家收到船长或船东发出的影响卸港的罢工、封锁、联合抵制或不可抗事件通知的 48 小时内给出。在上述港口卸货，适用本协议所有条件，并如同在原定港口卸货一样收取同样的海运费。如果上述替代港与原定卸港距离超过 100 海里，在该替代港卸货的运费水平应按比率增加。如由于执行船船上的船长、指挥员或船员引起的罢工、封锁或联合抵制，则所有费用及风险由船东承担。

## 25.  Arbitration
### 仲裁

Any disputes arising under the Contact shall be settled amicably.   In case no such settlement can be reached, the matter in dispute shall be submitted to China Maritime Arbitration Commission for arbitration in Beijing, China in accordance with the existing arbitration rules of the Commission. The arbitration award shall be final and binding upon the parties.

本协议项下的任何纠纷应被友好解决。如无法达成一致，则该纠纷事件将被提交中国海事仲裁委员会，按照该委员会的现行仲裁规则在中国北京进行仲裁。仲裁裁决是终局的，对各方当事人均有约束力。

## 26.  War Risk Insurance
### 战争风险保险

War Risk Insurance, if any, shall be for Owner's account.
如需战争风险保险，应由船东承担。

## 27.  Extra Insurance
### 额外保险

Overage premium, if any, due to vessel's age over 20 years to be for charterer's account.
No OAP for Owners account.
如果由于船龄超过 20 年而产生超龄险，则应由租家承担。船东不负责超龄额外保费。

## 28.  Lien
### 留置权

Owner shall have a lien on cargo for ocean freight, deadfreight, demurrage and General Average contribution due under the Charter Party.

船东可因未收到本协议项下的海运费，亏吨费，滞期费及共同海损而对货物行使留置权。

### 29.  Gas Free Clause
气体测爆条款

Vessel nominated by Owner shall be in gas free condition and shall have a valid Gas Free Certificate on board if required by Shippers prior to presentation at loading port. Owner undertake to submit the vessel to a further gas free inspection by a local independent surveyor at loading port for their own account. Notice of readiness may be tendered prior to such inspection but if the vessel is found not to be gas free, then laytime not to commence until vessel has obtain Gas Free Certificate. If the vessel has already been berthed at the terminal and then is found not to be gas free by the local surveyor, then the vessel is to vacate the berth immediately and proceed to a safe anchorage for cleaning, all extra expenses for shifting to be for owner's account. Laytime at the loading port not to commence to count until the vessel has passed gas free by the local independent surveyor, even if after the expiry of the turn time. In order to expedite such inspection, Master of combination vessel are recommended to inform the loading port agents 48 hours prior to arrival that a surveyor is required on vessel arrival at or off the terminal.

船东指定船舶应符合气体测爆条件，在船上应有有效的气体测爆证书，如发货人要求，应在准备装港前出具。船东负责使船舶在装港由当地独立检验员做进一步气体测爆检验，费用由船东承担。备妥通知可先于检验前递交，但如船舶被发现未达到气体测爆要求，则直到船舶获得气体测爆证书后方可起算装货时间。如果船舶已经在码头靠泊后被当地检验员发现不符合气体测爆要求，则船舶应立即驶离泊位，到达安全锚地清舱，所有额外的拖轮费由船东承担。直到船舶被当地独立检验员检测通过气体测爆，方可起算装货时间，即使准备时间已经结束。为加速上述检验，两用船船长应在船舶到达装港前48小时通知装港代理在船舶到达或驶离码头时需要一名检验员。

### 30. Language / Communication

This contract is written in Chinese and English, both of which shall have equal legal force. however, if there is any inconsistency between Chinese and English versions, Chinese version shall prevail. All relevant communications between Charterer and Owner shall be made through telex, telegram ，Fax or email.
本合同以中英文两种文字书就，两种文字的条款具有同等法律效力，但如中、英文条款间存在异议，以中文条款为准。租家与船东之间的所有相关交流应通过电传、电报、传真或电子邮件进行。

### 31.  Non-presentation of B/L
无正本提单提货

In the absence of original Bill(s) of Lading at discharging port, Owner/Master to allow cargo discharge against Charterer's LOI only in Owner's standard P & I wording without bank guarantee or bank endorsement.

在船舶到达卸港时，如果正本提单尚未到达，船东/船长同意在没有出示正本提单的情况下凭租家签发的按照船东提供的标准保函格式制作的保函放货，而无须银行担保或背书。

### 32.  ISM Clause

**ISM 条款**

During the currency of this Contract, Owner shall procure that the vessel and "The Company" (as defined by ISM code) shall comply with the requirement of the ISM Code upon request. The Owner shall provide copy of relevant Documents of Compliance (DOC) and Safety Management Certificate (SMC) and International Ship Security Certificate (ISSC) to Charterer with vessel nomination. Any loss, damage expenses and delay caused by failure or part of Owner or   "The Company" to comply with the ISM Code shall be for Owner's account.

在本协议有效期间内，船东应使该船舶及其"公司"（其含义按 ISM 规则定义）符合 ISM 规则要求。船东将向租家提供相关的文件（DOC）和安全管理证书（SMC）以及国际船舶保安证书（ISSC）。由于船东或其公司不符合或部分不符合 ISM 规则而产生的任何损失、损毁的费用及延误由船东承担。

## 33. Headings
标题

The headings in the Charter Party   are for purpose of convenience only and shall not limit or otherwise affect any of the terms or stipulation hereof.

本协议标题仅为方便目的而设，不限制或影响其间的任何条款或约定。

The Charter Party is written in English and Chinese，signed as performing contract.

本租船协议由中、英语书写，签字生效。

IN WITNESS WHEREOF, this Charter Party has been executed by and between Owner and Charterer in two (2) originals, one of each to be retained by Owner and Charterer.

本租船协议一式两份，船东与租家各执一份。

**OWNER:**
**CHARTERER:**
船东                                                     租家
For and on behalf of                                     For and on behalf of
**HONG KONG CITY-DRAGON SHIPPING CO., LTD.**             **BENXI IRON & STEEL (GROUP)**
                                                         **INTERNATIONAL ECONOMIC AND TRADING**
                                                         **CO., LTD.**

香港市龙航运有限公司                                      本溪钢铁集团国际经济贸易有限公司

_____                                      _____

EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HONG KONG CITY-DRAGON
SHIPPING CO. LTD.,

|                                          | Plaintiff, | 09 CV |

-v-

**ATTORNEY'S DECLARATION
THAT DEFENDANT
CANNOT BE FOUND
WITHIN THE DISTRICT**

BENXI IRON AND STEEL (GROUP)
INTERNATIONAL ECONOMIC AND
TRADING CO., LTD.,

Defendant.
-----------------------------------------------------------------x

This declaration is executed by **George M. Chalos, Esq.**, counsel for the Plaintiff,

HONG KONG CITY-DRAGON SHIPPING CO. LTD., in order to secure the issuance of a

Summons and Process of Maritime Attachment and Garnishment in the above-entitled, in

personam, Admiralty cause.

Pursuant to 28 U.S.C. §1746, **George M. Chalos, Esq.**, declares under the penalty of

perjury:

I am a Member of the firm of CHALOS & CO, P.C., attorneys for Plaintiff in the above

referenced matter.

I am familiar with the circumstances of the Verified Complaint, and I submit this

declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment

and Garnishment of the property of the defendant, BENXI IRON AND STEEL (GROUP)

INTERNATIONAL ECONOMIC AND TRADING CO., LTD., pursuant to Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil

Procedure.

I have personally inquired or have directed inquiries into the presence of the defendant in this District.

I have personally checked with the office of the Secretary of State of the State of New York, using the Secretary of State's Division of Corporations database, and I have determined that, as of June 9, 2009, the defendant is not incorporated pursuant to the laws of New York, and have not nominated any agent for the service of process within the Southern District of New York.

I have inquired of Verizon Telephone Company whether the defendant can be located within this District.  The Verizon Telephone Company has advised me that the defendant does not have any telephone number listings within this District.

I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listings or addresses for the defendant within this District.

I have engaged in a Google search as to whether the defendant can be located within this District.  The Google search results did not provide any information that defendant is found in this District.

I am unaware of any general or managing agent(s) within this District for the defendant.

In that I have been able to determine that the defendant has not appointed an agent for service of process within the Southern District of New York and that I have found no indication that the defendant can be found within this District for the purposes of Rule B, I have formed a good faith belief that the defendant does not have sufficient contacts or business activities within this District and do not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

It is my belief, based upon my own investigation that the defendant cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Dated: Oyster Bay, New York
   June 9, 2009

          CHALOS & CO, P.C.
          Attorneys for Plaintiff
          HONG KONG CITY-DRAGON
          SHIPPING CO. LTD.

By:

          George M. Chalos (GC-8693)
          123 South Street
          Oyster Bay, New York 11771
          Tel: (516) 714-4300
          Fax: (516)750-9051
          Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HONG KONG CITY-DRAGON
SHIPPING CO. LTD.,

                                    Plaintiff,                    09 CV

-v-
                                                        **VERIFICATION OF**
                                                        **COMPLAINT**

BENXI IRON AND STEEL (GROUP)
INTERNATIONAL ECONOMIC AND
TRADING CO., LTD.,

                                    Defendant.
------------------------------------------------------------------x

        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of

perjury:

        1.      I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff,

HONG KONG CITY-DRAGON SHIPPING CO. LTD., herein;

        2.      I have read the foregoing Verified Complaint and know the contents thereof; and

        3.      I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and

attorneys.

        4.      The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this

case.

        I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       June 9, 2009

                                   CHALOS & CO, P.C.
                                   Attorneys for Plaintiff
                                   HONG KONG CITY-DRAGON
                                   SHIPPING CO, LTD.,

                        By:        _____
                                   George M. Chalos (GC-8693)
                                   123 South Street
                                   Oyster Bay, New York 11771
                                   Tel: (516) 714-4300
                                   Fax: (516) 750-9051
                                   Email: gmc@chaloslaw.com