```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| HONK KONG CITY-DRAGON SHIPPING CO. LTD., <br><br> Plaintiff, <br><br> -against- <br><br> BENXI IRON AND STEEL (GROUP) INTERNATIONAL ECONOMIC AND TRADING CO., LTD., <br><br> Defendant. | No. 09 Civ. 5345 (JFK) <br><br> **Memorandum Opinion & Order** |

**JOHN F. KEENAN, United States District Judge:**

Defendant Benxi Iron and Steel (Group) Economic and Trading Co. ("Benxi") moves pursuant to Rule E(4)(f) to vacate a maritime attachment in the amount of $10,804,393.33 issued in favor of plaintiff Hong Kong City-Dragon Shipping Co. ("HK City-Dragon"). A hearing was held on August 7, 2009. For the reasons below, the motion is granted.

Plaintiff HK City-Dragon is organized under the laws of the British Virgin Islands (BVI) and has its main office and place of business in Dalian City, Liaoning Province, China. Defendant Benxi is organized under the laws of China and has its main office in Benxi City, Liaoning Province, China, less than three hundred miles from plaintiff's office.

According to the verified complaint, Benxi backed out of a charter party agreement pursuant to which it had agreed to charter HK City-Dragon's vessel to transport iron ore from Brazil to China. Communications about the agreement were exchanged between the parties' respective offices in China. The charter party requires arbitration of disputes before the China Maritime Arbitration Commission in Beijing.

HK City-Dragon commenced arbitration proceedings on August 6, 2009. According to the parties' experts, Chinese law expressly provides for pre-proceeding attachment, including as security for a potential arbitral award, although as a practical matter such attachment is difficult to obtain. There is no question that, if an arbitral award is issued in plaintiff's favor, plaintiff can obtain jurisdiction over defendant in the courts of Liaoning Province, China, to enforce the award.

Benxi does not challenge the legality of the attachment but seeks to vacate it on equitable grounds. An attachment that complies with Rule B may nonetheless be vacated on equitable grounds in certain limited circumstances. Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 444 (2d Cir. 2006). Although the Court of Appeals declined in Aqua Stoli to define the exact scope of a district court's equitable power to vacate an otherwise proper attachment, it did recognize three

situations in which a district court may do so. The second of these is where "the plaintiff and defendant are both present in the same district and would be subject to jurisdiction there, but the plaintiff goes to another district to attach the defendant's assets." Id. at 444-45.

Several judges in the Southern District of New York, including myself, have extended Aqua Stoli's second ground to apply in situations where the plaintiff and defendant are both present in the same foreign jurisdiction and subject to jurisdiction there, but the plaintiff nevertheless comes to this district to attach the defendant's assets. OGI Oceangate Transp. Co. Ltd. v. RP Logistics PVT. Ltd., No. 06 Civ. 9441 (RWS), 2007 WL 1834711, at * 1 (S.D.N.Y. June 26, 2007), reconsideration denied, 2007 WL 2900225 (S.D.N.Y. Oct. 4, 2007) (Sweet, J.) (finding equitable vacatur to be appropriate where both plaintiff and defendant were present in Kolkata, India, during previous arrest proceedings); Transfield ER Cape Ltd. v. STX Pan Ocean Co. Ltd., No. 09 Civ. 1250 (JGK), 2009 WL 691273 (S.D.N.Y. Mar. 17, 2009) (Koeltl, J.) (vacating attachment where both parties were present and subject to jurisdiction in Seoul, Korea); Sea Maid Logistics Co. LTD v. Meritz Fire & Marine Ins. Co. LTD, No. 09 Civ. 5459 (JFK) (S.D.N.Y July 17, 2009) (Keenan, J.) (vacating the attachment because the parties were litigating

the underlying dispute in Incheon, Korea, and noting that the principle of Aqua Stoli applies whether it is a federal district or a foreign jurisdiction); see also McDermott Gulf Operating Co., Inc. v. Con-Dive, LLC, No. 09 Civ. 0206, 2009 WL 1537871, at *6 (S.D. Ala. May 29, 2009).[1]

The same principle warrants vacatur in the instant case. Both parties have their main offices in the same provincial jurisdiction of China. Plaintiff can obtain jurisdiction over defendant there to enforce any arbitral award issued in plaintiff's favor. Moreover, Chinese law allows plaintiff to seek a court order of pre-judgment attachment to secure the potential award, although such an attachment is difficult to obtain. Because both parties are present in the same foreign jurisdiction and subject to jurisdiction there, equitable vacatur is appropriate.

---

[1] Two other judges in this district have rejected such an extension of Aqua Stoli's second ground. See Prestigious Shipping Co. Ltd. v. Agrocorp International PTY Ltd, No. 07 Civ. 7107 (CM), 2007 WL 2847210, at *1 (S.D.N.Y. Oct 1, 2007) (McMahon, J.) (ruling that, because the word "district" is a term of art that does not refer to foreign jurisdictions, "Aqua Stoli did not grant the district court the power to vacate a maritime attachment based on the plaintiff's and defendant's presence in the same foreign jurisdiction"); Foolproof Navigation S.A. v. Trimarine Corp. S.A., No. 08 Civ. 9833 (CM), 2009 WL 1675079, at *1 (S.D.N.Y. June 11, 2009) (Mcmahon, J.) (same); Transfield ER Cape Ltd. v. B&L Transoil Holdings Ltd., No. 08 Civ. 11385 (PKL) (S.D.N.Y. Feb. 4, 2009) (Leisure, J.) (citing Prestigious Shipping).

Plaintiff argues that it was not an abuse of process to seek attachment in this district because the arbitration agreement precludes plaintiff from bringing suit on the merits in China. See Stolt Tankers B.V. v. Geonet Ethanol, LLC, 591 F. Supp. 2d 612, 619 (S.D.N.Y. 2008). The Court finds this argument unpersuasive. "The purpose of Rule B indicates that the core inquiry is whether a plaintiff can easily find the defendant to satisfy judgment, and the focus of analysis should not be on abuse of process." Swiss Marine Srvcs. S.A. v. Louis Dreyfus Energy Srvcs. L.P., 598 F. Supp. 2d 414, 418 (S.D.N.Y. 2008) (Sand, J.). In this case, plaintiff can obtain personal jurisdiction over the defendant in a convenient forum "where [defendant] can be compelled to appear in court and where its assets can be reached to satisfy an arbitral award, rendering the historic purpose of attachment inapplicable." Id. at 419.

HK City-Dragon also argues that the instant case is factually distinguishable from OGI, Transfield, and Sea Maid because those cases involved more "convoluted" or "complicated" fact patterns and presented additional grounds for vacatur. Nevertheless, this case falls within Aqua Stoli's second category, and "this ground alone is sufficient to warrant vacatur." Transfield, 2009 WL 691273, at *4.

Accordingly, defendant's motion to vacate the order of attachment is granted, and any funds restrained pursuant to that order shall be released. Because attachment is the only relief plaintiff seeks, the verified complaint is dismissed without prejudice.

SO ORDERED.

Dated:   New York, NY
         August 19, 2009

                              _____
                              John F. Keenan
                              United States District Judge